UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY S.,

                    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

_____/

Case No. 2:23-cv-13208

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [21],
ADOPTING REPORT AND RECOMMENDATION [20],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [17] &
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]**

The Commissioner of the Social Security Administration ("SSA") denied the application of Stacey S. for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 6-1, PgID 34. After the SSA Appeals Council declined to review the ruling, *id.* at 21, Plaintiff appealed. ECF 1. The Court referred the matter to Magistrate Judge Anthony P. Patti, ECF 9, and the parties filed cross-motions for summary judgment. ECF 17, 19. The magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court deny Plaintiff's motion and grant the Commissioner's motion. ECF 20. Plaintiff filed timely objections to the Report. ECF 21, 23. After examining the record and considering Plaintiff's objections de novo, the Court concludes that her objections lack merit. Accordingly, the Court will adopt the Report's findings, deny Plaintiff's

motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly detailed the events giving rise to Plaintiff's action against the Commissioner. ECF 20, PgID 1736–38. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not review portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Plaintiff objected that the ALJ's determination of her residual functional capacity (RFC) was not supported by substantial evidence. ECF 21, PgID 1758. Within that objection, she took issue with several determinations the ALJ made and the magistrate judge's approval of those determinations.

Plaintiff objected that the magistrate judge should not have concluded that the ALJ duly considered "all impairments" in formulating her RFC. ECF 21, PgID 1758. In particular, she argued that the ALJ failed to properly consider both severe and non-severe impairments. *Id.* at 1759. Plaintiff's objections are inapposite. The magistrate judge fully analyzed the question, ECF 20, PgID 1748–55, and the Court discerns no error. The magistrate judge provided a fulsome explanation of how the ALJ considered both severe and non-severe impairments including Plaintiff's severe demyelinating disease and non-severe headaches. *Id.*; ECF 6-1, PgID 40 (determining that the headaches were not severe and then stating immediately thereafter that "I considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."). And instead of identifying a concrete error in the magistrate judge's analysis, Plaintiff

largely rephrases her argument from her summary judgment motion. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) ("In reviewing Plaintiff's filings in this Court, the Court notes that Plaintiff's objections are merely a restatement [of] the arguments he presented in his summary judgment brief, an approach that is not appropriate or sufficient."). Plaintiff's objection is insufficient.

Plaintiff also objected to the magistrate judge's approval of the ALJ's evaluation of possible manipulative limitations. ECF 21, PgID 1760. But the record shows that the ALJ considered Plaintiff's manipulative concerns, and that substantial evidence supported the ALJ's determination. The magistrate judge correctly and fulsomely analyzed the question and noted that other persuasive medical evidence—namely, state physician Dr. Choi's opinion—supported the omission of manipulative limitations from the RFC. ECF 20, PgID 1751; ECF 6-1, PgID 107 (stating, in Dr. Choi's opinion, that Plaintiff had "[n]o" manipulative limitations). Plaintiff's request, as the magistrate judge observed, was largely a request for the Court to give her chosen evidence more weight. ECF 20, PgID 1751–52. That assessment is not the Court's role when, as here, "substantial evidence" supported the ALJ's conclusion. *See Ilman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

Plaintiff also claimed that reliance on Dr. Choi's "persuasive" opinion did not excuse the ALJ from citing medical facts, resolving inconsistencies, and providing a sufficient explanation regarding her "recurring headaches," "breakthrough seizures,"

and "brain fog." ECF 21, PgID 1760–61. Plaintiff made no mention of Dr. Choi's opinion in her motion and argued for the first time in an objection that the ALJ improperly relied on Dr. Choi's opinion to excuse his obligations. *See* ECF 17. The Court's review is generally limited to issues raised before the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)

Nevertheless, the ALJ considered the effect of Plaintiff's neurological symptoms and found that she had "moderate limitations" in her abilities to understand, remember, or apply information and to concentrate, persist, or maintain pace. ECF 6-1, PgID 42. When discussing Plaintiff's residual functional capacity, the ALJ expressly explained that: (1) he took all of Plaintiff's non-severe impairments— including headaches—into account, *id.* at 40; (2) Plaintiff's most recent neurological examinations—which were generally unremarkable—undermined her claim of serious seizures, but that he nonetheless took seizures into account when determining the RFC, *id.* at 47 ("The record shows that . . . seizure disorder limit[s] the claimant's ability to perform work-related activity."); and (3) Plaintiff's "brain fog and comprehension issues" were belied by the fact that the cited medical evidence showed that she "exhibited good contact with reality, fair insight, normal motor activity, an ability to function, and a spontaneous, organized, and logical thought process." *Id.* at 46.

The ALJ explained his thought process as described above and ultimately concluded that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements

concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." ECF 6-1, PgID 44. The magistrate judge did not err in concluding that the ALJ adequately explained his RFC determination and that the determination was supported by substantial evidence.

For the reasons above and based on the Court's de novo review, the Court will deny Plaintiff's objections and adopt the report and recommendation.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Plaintiff's objections. For both the reasons stated here and based on its de novo review of the analysis in Judge Patti's order, the Court finds Plaintiff's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [21] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [20] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [17] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [19] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 11, 2025